Hemphill, O. J.
There is but one point presented by the record in this case and that is, whether the decree should have been pronounced for the sum reported due by the commissioner — or for that sum with interest from the commencement of the suit. The matters in controversy were referred in the first place to the clerk as a master in chancery, who reported that the plaintiffs in error were indebted to the defendant in the sum of two hundred and sixty-nine dollars and fifty-three cents, together with forty-two dollars interest, amounting altogether to three hundred and eleven dollars and fifty-three cents.
"Various exceptions were made to this report and the case was afterwards referred to Joseph Lee, Esq., as commissioner in chancery, to take an account of the matters and things in the bill, answer, exhibits and proofs, and to report the same to the court. This commissioner in his report states that after a full and complete investigation of the matters submitted to him in the premises, and a careful examination of the papers and vouchers now on file in this court, he finds the said defendant indebted to the complainant in the sum of two hundred and twenty-seven dollars and sixty-five cents.
No exception was taken to the report, and it appears from the judgment of the court to have been expressly assented to by the parties, and the question whether the decree should have been for the precise sum reported, or for that with interest from the commencement of the suit, will depend on the construction of the terms of the report.
The commissioner was to take an account of all matters and things *(454) between the parties, and from his report he appears to have made a thorough investigation, which resulted in his finding the defendant indebted in the sum above mentioned. The former master in his report had computed interest, and this was not excepted to — and as ■ that seems to have been the practice and to have been regarded as legal, the weight of the presumption is, that it was computed by this commissioner and that the sum reported is the aggregate amount of the principal and interest due at the making of the report. But it is 1 immaterial to the decision of the point, whether interest was adjudged I and allowed by the commissioner or not.
If it were allowed, the decree should have been for the whole amount, with interest from the rendition of judgment; if it were not, the petitioner, if dissatisfied, should on that ground have excepted to the report.
The whole of the matters were referred to the commissioner for the purpose of adjusting their accounts between them. He had the power in the first place to determine not only the amount of the principal demand, but also the question of interest, if any, and how much should be allowed — and his action on the subject of interest would be as much and no more the matter of exception to the dissatisfied party, than any other portion of his report.
But when the report passes without objection, the decree should be for the precise sum ascertained to be due by the commissioner.
This officer was not instructed to report the sum due at the commencement of the suit or at any particular time, but on consideration of the whole matters in controversy, he was to report thereon to the court.
Had he stated that such a sum was due at some particular date —the question of the allowance or refusal of interest on that sum from date might, perhaps, have been entertained by the court without express exception to the report. But in this case he reports simply the amount unsettled between the parties without express reference to any date — and it must, therefore, be regarded as the amount of the defendant’s indebtedness at the time the report was made.
This is the legal inference, and this inference is supported by the facts, as appear from a certificate made by the commissioner at a term subsequent to the judgment. In this he declares that in balancing the accounts between the parties, he computed the interest, and that the amount reported was the whole of the indebtedness, including both principal and interest, due at the time of making the report. The conclusion arrived at in this case does not depend on the fact stated by the commissioner, but on the principle that the decree should *(455) conform to the report when no exception is made to the latter; but the certificate affords plenary proof that the justice of the case is in exact conformity with the legal principles by which it must be determined. The question of interest generally, or upon what demands it can be recovered, need not be considered in this case.
It is ordered, adjudged and decreed, that the judgment of the district court be reversed and the court proceeding to render such judgment as should have been rendered below, it is ordered and adjudged, that the plaintiff in the court below, Heman Ward, do have and recover of the defendants, Farley and Jewett, the sum of two hundred and twenty-seven dollars and seventy-five cents, and also interest on the same at the rate of eight per cent, per annum, from the eighth day of September, 1845, the date of the rendition of judgment in the district court, and that the defendant in error pay the costs in this court expended.